1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   NO TAN LINES REPUBLIK,                    Case No. 2:24-cv-00870-GMN-NJK

8           Plaintiff(s),                    **REPORT AND RECOMMENDATION**

9   v.

10  JIM ANDERSON, et al.,

11          Defendant(s).

12          Although 28 USC § 1654 permits parties to plead their own cases personally, it does not

13  extend to non-individuals. *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1307 (2d

14  Cir.1991). "Corporations and other unincorporated associations must appear in court through an

15  attorney." *In re America West Airlines,* 40 F.3d 1058, 1059 (9th Cir.1994). This requirement

16  applies to non-profits. *See Multi Denominational Ministry of Cannabis & Rastafari, Inc. v.*

17  *Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007); *see also, e.g.*, *Central Ore. Wild Horse*

18  *Coal. v. Vilsack*, 2023 WL 5041934, at *1 (D. Ore. July 27, 2023) (quoting *Her Oceans v. Cmty.*

19  *Outreach Behav. Servs., Inc.*, 2021 WL 3172914, at *1 (D. Id. July 27, 2021)) (same). Failure by

20  a plaintiff to appear through an attorney in compliance with this requirement will result in

21  dismissal. *See Your Personal Assistant, LLC v. T-Mobile USA, Inc.*, 2010 WL 11598045, at *4

22  (C.D. Cal. Sept. 21, 2010) (collecting cases); *see also United States v. High Country Broad. Co.*,

23  3 F.3d 1244, 1245 (9th Cir. 1993) (finding entry of default judgment against non-compliant

24  defendant to be "perfectly appropriate").

25          This case was initiated without an attorney by Plaintiff no Tan lines Republik, a non-profit

26  organization. Docket No. 1 at 2. On May 13, 2024, the Court ordered Plaintiff to retain an attorney

27  and have that attorney file a notice of appearance by June 13, 2024. Docket No. 6. The Court

28  warned that failing to comply may result in dismissal. *See id.* at 2. On June 21, 2024, the Court

1  construed letters filed by Corinne and Max Dufloo as seeking an extension of that deadline and,

2  as so construed, extended the governing deadline for counsel to July 15, 2024. Docket No. 12 at

3  1.[1] The Court again warned that failing to comply may result in dismissal. Docket No. 12 at 1.

4       Plaintiff's failure to comply with the Court's order to retain counsel is an abusive litigation

5  practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted

6  the Court's timely management of its docket, wasted judicial resources, and threatened the

7  integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than

8  dismissal are unavailable because Plaintiff has been unable or unwilling to comply with the Court's

9  order to retain counsel and the Ninth Circuit has held that case-dispositive sanctions are

10 appropriate for a corporation's failure to retain counsel for the duration of the litigation since

11 corporations may not appear in federal court without licensed counsel. *See, e.g.*, *High Country*

12 *Broadcasting*, 3 F.3d at 1245.

13      Accordingly, the undersigned **RECOMMENDS** that the case be **DISMISSED**.

14      Dated: July 29, 2024

15

16                          Nancy J. Koppe
                          United States Magistrate Judge

17

18                        **<u>NOTICE</u>**

19      This report and recommendation is submitted to the United States District Judge assigned

20 to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and

21 recommendation must file a written objection supported by points and authorities within fourteen

22 days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file

23 a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951

24 F.2d 1153, 1157 (9th Cir. 1991).

25

26      [1] The Court also noted that the letters potentially raised other issues, such as a desire to amend the complaint or to substitute parties. Docket No. 12 at 1. The Court instructed that such

27 relief was denied without prejudice and could be sought by filing a request that clearly indicated the relief being sought and otherwise complied with the local rules. *See id.* at 1-2. No motion has

28 since been filed seeking substitution, amendment, or other relief as to the particular issues before the Court.